

March 4, 2026

**VIA ACMS**

Hon. Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

      Re:    **No. 25-4988,** *San Francisco AIDS Foundation v. Trump*
               **Plaintiffs' Response to the Government's February 9, 2026**
               **Notice of Supplemental Authority.**

Dear Clerk Dwyer:

Plaintiffs submit this response to Defendants' submission of supplemental authority regarding the Fourth Circuit's recent decision in *National Diversity Officers in Higher Education v. Trump*, No. 25-1189 (4th Cir. Feb. 6, 2026). Defendants characterize the *NADOHE* case as being on all fours with the instant case. This is incorrect. Defendants ignore the legal and factual differences between the cases, as well as the Fourth Circuit's holdings rejecting some of Defendants' arguments.

Here, Defendants argue that Plaintiffs lack standing. Gov't Br. 17-22. However, the Fourth Circuit in *NADOHE* found that the plaintiffs had standing to challenge the Executive Orders' Termination and Certification Provisions, noting that "[a]n injunction would absolve plaintiffs from having to make their 'lose-lose-lose choice' and would prevent defendants from terminating funding based on those Provisions." Op. at 15.

The claims in these cases are also distinct. Unlike here, *NADOHE* did not involve First Amendment or *ultra vires* separation-of-powers claims against the Gender Termination, Gender Promotion, or Equity Termination Provisions. Nor did *NADOHE* involve an equal protection claim, as is the case with the Gender Termination and Gender Promotion Provisions here.

Lambda Legal + 120 Wall Street, 19th Floor, New York, NY 10005 + www.lambdalegal.org





Notice of Supplemental Authority in
*San Francisco AIDS Foundation v. Trump*, No. 25-4988
March 4, 2026
Page **2** of **2**

The only overlap between the claims considered in *NADOHE* and this case is the vagueness claim against the Equity Termination Provision.  But here too the differences are vast.  The Fourth Circuit's consideration of such claim was limited to only a facial challenge.  Op. at 7.  Here, by contrast, the District Court concluded—and Plaintiffs maintain on appeal—that the provision is unconstitutionally vague both facially *and as applied to them*. The District Court's conclusion was bolstered by a developed factual record unlike that in *NADOHE*.  Relying on this record, the District Court found that "the uncertainty created by the Equity Termination Provision has left grantees to interpret for themselves which of their awarded grants even fall under the scope of the provision," "all without any guidance."  Dkt. 81, Order at 38, 39.  Thus, *NADOHE* is of little persuasive value here, where the district court held that the Equity Termination Provision is unconstitutionally vague as applied to Plaintiffs.

Respectfully submitted,

*s/ Jose Abrigo*

Jose Abrigo
Lambda Legal Defense and
Education Fund, Inc.
(646) 307-1913
jabrigo@lambdalegal.org

*Counsel for Plaintiff-Appellees*

cc: all counsel (via ECF)